METZ *v.* LUCKEMEYER *et al.*

(*Superior Court of New York City, General Term.* January 5, 1891.)

**1. CONTRACT OF HIRING—CONSTRUCTION—COMPENSATION.**
In an action for compensation for services rendered by plaintiff to defendants in procuring a certain manufacturer to employ defendants as commission merchants, it appeared that plaintiff procured the business of such manufacturer to be placed with defendants, the goods to be sold in defendants' name, and they to receive a certain commission. After several months another arrangement was made, by which defendants were no longer bound to sell, and they were to receive a smaller commission. *Held,* that it was a question for the jury whether, at the time of the employment of plaintiff by defendants, such accounts as those under the latter arrangement were within the contemplation of the parties.

**2. SAME—INSTRUCTIONS.**
Although the words of a promise to pay for services to be rendered may have the meaning that nothing is to be paid if the result of the services is not of value, yet, if such result proves to be valuable, there is no error in instructing the jury, in an action for such compensation, that on the promise the employer is bound to pay something for the rendition of the services.

**3. SAME—VALUE OF SERVICES.**
In determining the amount of compensation for services rendered the value to the employer of the benefits received by him is to be considered, as well as the labor spent by the employe.

**4. TRIAL—OFFER OF EVIDENCE.**
An offer of documentary evidence, even for a limited purpose, must be absolute, not limited or conditional.

**5. EVIDENCE—MENTAL CONDITION.**
A question to a witness, whether another person was not dissatisfied with a statement made by the witness, may properly be excluded, as calling for a mental condition.

**6. EVIDENCE—IMMATERIALITY.**
In an action for compensation for services rendered by plaintiff to defendants in procuring a certain manufacturing firm to employ defendants as commission merchants, one of the manufacturing firm was asked whether plaintiff stated to him that he was entitled to a commission. *Held,* that the question was immaterial, there being nothing to make such a statement by plaintiff proper or probable.

Appeal from trial term.

Action by Bernhard Metz against Edward Luckemeyer and others. Defendants appeal from a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Charles Wehle,* for appellants. *Horwitz & Herschfield,* for respondent.

PER CURIAM. The action was to recover compensation for services rendered by the plaintiff to the defendants, who were merchants, doing a business in the nature of the business of commission merchants, in procuring to be placed with the defendants the "accounts," as they were called, of a manufacturing firm. It was explained on the trial that "placing an account" means that a house ships all the goods which they manufacture in a certain line. The commission house obtains the selling, and does the shipping and guaran-

tying and other matters connected with the management of the goods, and for this the manufacturer pays a commission or percentage to the commission house.    The evidence showed, as the jury might find, that at defendants' request the plaintiff procured the account of a manufacturing firm to be placed with the defendants.    Immediately the manufacturing firm employed the plaintiff to assist in selling these goods, the selling being done in the name of the defendants.    At the outset the defendants had arranged that they should receive a commission of 5 per cent.    After several months another arrangement was made, by which the defendants were relieved from obligation to sell, the manufacturing firm agreeing to do that at their own expense, and the defendants were then to receive only 4 per cent.    On the trial the defendants took the position that the plaintiff, as matter of law, could not recover for accounts placed with the defendants after the second arrangement.    This was not correct, for it was a matter for the jury to find whether those accounts, as well as the accounts under the first arrangement, were such kind of accounts as was within the contemplation of the parties at the time of the employment.    The court did not err in charging that, taking the testimony of Mr. Shefer as to the employment, the defendants became bound to pay the plaintiff something for the rendition of the services that he rendered to them. Assuming that the mere words of Shefer as to the employment might have the meaning that there was to be no compensation if the taking of the accounts should not be of value to the defendants, yet the preponderance of evidence was that the accounts did prove to be valuable.    And the court had the right, in charging, to consider the correctness of the testimony.    There was no exception to the charge that if there be a custom to pay the broker a commission of 1 per cent. then the plaintiff was entitled to such a commission.    The learned counsel for defendants asked the court to charge that if the plaintiff were entitled to a compensation as distinguished from a commission, the compensation depended not upon the quantity of the goods sold, but upon the actual labor spent by the plaintiff in the performance of the services. The court properly refused to charge this, because the jury, in determining the value of the services, were bound to consider the value to the defendants of the benefits received by them.

There was an original complaint in this action, which was afterwards amended.    On the trial the counsel for defendants offered in evidence the original complaint, for the purpose of showing "the various claims made in this action," but the counsel said he did not offer the complaint in evidence absolutely.    It was excluded.    Formally the ruling was right, for if the parties had a right to offer the complaint for a limited purpose, still the offer itself must be absolute.    It could not be limited or conditional.    But an examination fails to show that the single claim made in the original complaint varied from the single claim made in the amended complaint.    The latter was fuller in its statement, but a jury could not have drawn from the difference of the two complaints an inference unfavorable to plaintiff.

The question to plaintiff, of whether one of the manufacturing firm was not dissatisfied with the statement of plaintiff, was excluded properly.    It simply called for testimony as to mental condition.    One of the manufacturing firm, when a witness, was asked whether the plaintiff stated to him that he was entitled to commission.    There was nothing in the case that made it proper that the plaintiff should make such a statement, or probable that he would make it, after he had made his arrangement with the defendants, so that an omission to make it would affect an estimation of the probability of the arrangement having been made.    The other questions argued by the counsel for defendants have been examined.    None of them calls for a reversal of the judgment.    Judgment and order appealed from affirmed, with costs.